**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) | PRATER'S PROPANE COMPANY, an Oklahoma Corporation; | ) ) |
| (2) | LA FERRY'S L P GAS CO., an Oklahoma Corporation; and | ) ) |
| (3) | CHELSEA BUTANE COMPANY, an Oklahoma Corporation, | ) ) |
| | | ) |
| | Plaintiffs, | ) |
| | | ) |
| v. | | ) |
| | | ) |
| (1) | FROMAN OIL CO. INC., an Oklahoma Corporation; and, | ) ) |
| (2) | FROMAN PROPANE CO., an Oklahoma Corporation; and | ) ) |
| | | ) |
| | Defendants. | ) |

Case No. 18-CV-474-JED-FHM

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiffs, Prater's Propane Company; La Ferry's L P Gas Co. and Chelsea Butane Company (collectively "Plaintiffs") by its undersigned attorneys, sues Froman Oil Co. Inc., and Froman Propane Co., (collectively "Defendants"), and avers as follows:

**INTRODUCTION**

1.      Defendants registered and used multiple domain names containing the names and trademarks of local direct competitors including the Plaintiffs. Defendants forwarded these domain names to their own commercial website. This is an action in law and equity for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, et seq., for violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1115(d), and for unfair competition under the common law. As set forth below, through their use of the Internet     domain     names     "LAFERRYPROPANE.INFO,     MCPPROPANE.INFO,

LAFERRYPROPANE.NET, MCPPROPANE.NET, MAYESCOUNTYPROPANE.NET, LAFERRYPROPANE.COM, and PRATERPROPANE.COM, PRATERSPROPANE.COM", Defendants have willfully infringed Plaintiffs' trademarks for Prater's, La Ferry's, Mayes County Propane, and MCP Propane, and Defendants have acted as cybersquatters by intending to profit from the goodwill associated with the Plaintiffs' trademarks and has unfairly competed with Plaintiffs. These activities will continue unless enjoined by this Court.

2.      Plaintiffs, Prater's Propane Company; La Ferry's L P Gas Co. and Chelsea Butane Company, are each corporations organized and existing under the law of the State of Oklahoma, each with a principal place of business in Oklahoma.

3.      Defendants, Froman Oil Company Inc., and Froman Propane Co., are each corporations organized and existing under the laws of the State of Oklahoma, each with a principal place of business in Claremore Oklahoma.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over common law claims under 28 U.S.C. 1367(a).

5.      Jurisdiction over the Oklahoma common law counts is conferred upon this Court because there is a common nexus of operative facts giving rise to the substantial federal claims and to the state causes of action. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338 to hear the state law claims which are joined with the federal trademark infringement and unfair competition claims.

6.      Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises its subject matter jurisdiction over all causes of action stated herein.

Phoenix 150973.1

7.      Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 because:

a.      The claims arise in the Northern District of Oklahoma under 28 U.S.C. §§ 1391(b)(2) and 1391 (c); and

b.      Defendants are doing business in the Northern District of Oklahoma by, among other things, selling products or services within this district.

## PLAINTIFFS' PROPRIETARY RIGHTS IN TRADEMARKS

8.      Plaintiffs are all propane delivery companies with customers in Oklahoma. Plaintiffs have operated their businesses under the same name for many years and are well known under their business names and trade names.

9.      Plaintiffs use the Internet to advertise and provide information to customers and potential customers. Plaintiffs' customers and potential customers use the Internet to find information for contacting Plaintiffs and contact Plaintiffs through information found on the Internet.

## A.      Prater's Propane Company Trademarks

10.     "Prater's" is used as a trademark in Oklahoma and has been established as a common law trademark through 19 years of use. Prater's Propane Company was registered as the name of a business in Oklahoma in December of 1993, and Prater's has been used as a trademark for propane delivery continuously in Oklahoma since 2002. See Exhibit 1.

11.     Plaintiff Prater's Propane Company uses the Internet for advertising and providing contact information at sites including Facebook and others. See Exhibit 2.

12.     The business name registration and longtime continuous use establishes "Prater's" as a trademark.

13.     Prater's Propane Company is known as Prater's as well as Prater's Propane.

3

14.     Prater's Propane has common law trademark rights in "Prater's" at least for use with propane and propane delivery.

15.     The Prater's trademark is distinctive and was distinctive at the time Defendants registered domain names including the Prater's trademark. "Prater's" is not used by others as a propane service in Oklahoma.

## B.     La Ferry's LP Gas Co. Trademark

16.     "La Ferry's" is used as a trademark in Oklahoma and has been established as a common law trademark through 63 years of continuous use. La Ferry's L P Gas Co. was registered as the name of a business in Oklahoma on May 2, 1961 and has been used as a trademark under the registered business name for propane delivery continuously for 58 years. See Exhibit 3.

17.     Plaintiff La Ferry's L P Gas Co. uses the Internet for advertising and providing contact information at sites including Laferryspropane.com and others. See Exhibit 4.

18.     The business name registration and longtime continuous use establishes "La Ferry" as a trademark.

19.     La Ferry's is the trademark of La Ferry's L P Gas Co., an Oklahoma corporation formed in 1961.

20.     La Ferry's L P Gas Co. is known as La Ferry's.

21.     La Ferry's L P Gas Co. has common law trademark rights in "La Ferry's" at least for use with propane and propane delivery.

22.     La Ferry's L P Gas Co. registered the domain name LAFERRYSPROPANE.COM in 2010 or before 2010.

Phoenix 150973.1

23.     La Ferry's L P Gas Co. has continuously used LAFERRYSPROPANE.COM to offer services since at least May 13, 2010.

24.     The La Ferry's trademark is distinctive and was distinctive at the time Defendants registered domain names including the La Ferry's trademark. "La Ferry's" is not used by others as a propane service in Oklahoma.

### C.     Chelsea Butane Company Trademarks

25.     Chelsea Butane Company began using the trademark Mayes County Propane at least as early as 1959 and has used it continuously since 1959.

26.     Mayes County Propane is the trademark of Chelsea Butane Company, an Oklahoma corporation formed in 1964. See Exhibit 5.

27.     Chelsea Butane Company is known as Mayes County Propane as well as MCP Propane.

28.     "Mayes County Propane" and "MCP Propane" are used as trademarks in Oklahoma and have been established as a common law trademark through about 60 or more years of continuous use. Mayes County Propane and MCP Propane are registered as tradenames of a business in Oklahoma and have been used as trademarks for propane delivery continuously for about 60 or more years. The registration as tradenames and longtime continuous use establishes "Mayes County Propane" and "MCP Propane" as trademarks.

29.     MCP Propane and Mayes County Propane are trademarks of Chelsea Butane Company, an Oklahoma Corporation.

30.     Chelsea Butane Company registered Mayes County Propane Company as a tradename in Oklahoma. See Exhibit 6.

Phoenix 150973.1

31.     Chelsea Butane Company registered Mayes County Propane as a federally registered trademark on the supplemental register, Reg. No. 5,158,271, Registered Mar. 07, 2017 for Class 35 for "Retail propane gas supply services and wholesale distributorship services featuring propane LPG gas, propane LPG gas tanks, propane LPG gas plumbing parts, and propane LPG gas bottles".  See Exhibit 21.

32.     Chelsea Butane Company registered the domain name PROPANEMCP.COM March 15, 2013.

33.     Chelsea Butane Company has continuously used PROPANEMCP.COM to offer services using the trademark Mayes County Propane since at least since August 18, 2013. See Exhibit 7 showing an archived version of PROPANEMCP.COM on August 18, 2013.

34.     Chelsea Butane Company has continuously used MCP Propane as a trademark including use on the Internet since at least April 21, 2014. See Exhibit 8 showing selected pages with highlights from the MCP Propane Facebook page.

35.     Chelsea Butane Company registered "MCP PROPANE" as a tradename in Oklahoma. See Exhibit 9.

36.     The Mayes County Propane and MCP Propane trademarks are distinctive and were distinctive at the time Defendants registered domain names including the Mayes County Propane and MCP Propane trademarks. "Mayes County Propane" and "MCP Propane" are not used by others as a propane service in Oklahoma.

### DEFENDANTS' INFRINGING ACTIVITIES AND BAD FAITH CONDUCT

37.     At the time of the actions complained of herein, Madelaina Froman was an employee of Defendant Froman Propane Co. At all times, Madelaina Froman was acting within the scope of her employment.

38.     Madelaina Froman was acting as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. when registering domain names and when forwarding domain names to Defendants' commercial website.

39.     Madelaina Froman, acting as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. registered CARYFROMAN.COM; FORKLIFTTULSA.COM; FORMANPROPANE.COM; FORMANPROPANE.INFO; FORMANPROPANE.NET; FROMANBROTHERS.COM; FROMANPROPANE.COM; FROMANPROPANE.INFO; FROMANPROPANE.NET; FROMANRANCH.COM; GRANDLAKEPROPANE.COM; KEVINFROMAN.COM; ROGERSCOPROPANE.COM; TULSACOPROPANE.COM; and FROPANE.NET. See Exhibit 10 with relevant sections highlighted.

40.     Madelaina Froman, as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. forwarded at least CARYFROMAN.COM; FORKLIFTTULSA.COM; FORMANPROPANE.COM; FORMANPROPANE.INFO; FORMANPROPANE.NET; FROMANBROTHERS.COM; FROMANPROPANE.COM; FROMANPROPANE.NET; FROMANRANCH.COM; GRANDLAKEPROPANE.COM; KEVINFROMAN.COM; ROGERSCOPROPANE.COM; TULSACOPROPANE.COM; and FROPANE.NET to the main website for Defendants Froman Oil Company Inc., and Froman Propane Co. See Exhibit 11 showing selected forwarded sites with relevant sections highlighted.

41.     Madelaina Froman has been an employee or agent of Defendants Froman Oil Company Inc., and Froman Propane Co. for at least 10 years. See Exhibit 12 showing a LinkedIn profile for "Maddie" Froman with a current position with the "Technology Department at Froman Propane" with a position as "Technology Advisor".

Phoenix 150973.1

42.     Madelaina Froman listed contact information when registering the infringing domain names that included the street address of real property with an address of 14080 South 4230 Road owned by Cary Fred Froman, an owner of Defendants Froman Oil Company Inc., and Froman Propane Co. See Exhibit 10.

43.     In addition to the domain names listed below, Madelaina Froman registered other domain names that include the name or trademark of a direct competitor, at least the domain names HAYESPROPANE.NET and HAYESPROPANE.COM, which contain the name or trademark of Hayes LP Gas, Inc., an Oklahoma corporation formed in 2002 by John G. Hayes, and hired Domains By Proxy, LLC to be listed as the contact for the domain names. See Exhibit 13 with relevant sections highlighted.

44.     Madelaina Froman registered or acquired multiple domain names which she knew are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names.

45.     On information and belief, Madelaina Froman, in 2016 registered 24 domain names including the infringing domain names, which domain name registrations were paid for by Defendants Froman Oil Company Inc., and Froman Propane Co.

**A.**      **Infringing Activities Related to Prater's Propane Company Trademarks**

46.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co.   registered the Domain Names PRATERSPROPANE.COM and PRATERPROPANE.COM (the "Prater's Domain Names") on Feb. 22, 2016. See Exhibit 14 with relevant sections highlighted.

Phoenix 150973.1

47.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. registered PRATERPROPANE.COM in bad faith knowing that it contained the trademark of a direct competitor.

48.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. registered PRATERSPROPANE.COM in bad faith knowing that it contained the trademark of a direct competitor.

49.     Defendants Froman Oil Company Inc., and Froman Propane Co. are not known by Prater or Prater's and has never engaged in a bona fide business to sell propane as Prater or Prater's.

50.     Defendants Froman Oil Company Inc., and Froman Propane Co. do not have any intellectual property rights in PRATERSPROPANE.COM and PRATERPROPANE.COM.

51.     Defendants Froman Oil Company Inc., and Froman Propane Co. did not have any use of PRATERSPROPANE.COM and PRATERPROPANE.COM prior to Prater's Propane Company establishing trademark rights in Prater's.

52.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. directed the Internet traffic from the Prater's Domain Names to show the same commercial content as was shown on the commercial site of Defendants Froman Oil Company Inc., and Froman Propane Co. See Exhibit 15 showing a cell phone accessing the Internet at PRATERPROPANE.COM, and showing the commercial website of Defendants Froman Oil Company Inc., and Froman Propane Co.

53.     Defendants Froman Oil Company Inc., and Froman Propane Co.  did not use PRATERSPROPANE.COM and PRATERPROPANE.COM for any noncommercial purposes.

Defendants Froman Oil Company Inc., and Froman Propane Co. did not make any bona fide offering of goods or services using the Prater's Trademark in the domain names.

54.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. intended to improperly use the Prater's trademark by registering PRATERSPROPANE.COM and PRATERPROPANE.COM domain names with an intent for commercial gain.

55.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. directed the Internet traffic from the Prater's Domain Names to the commercial site of Defendants Froman Oil Company Inc., and Froman Propane Co. at least between February 22, 2016 to November 9, 2017. See Exhibit 16 showing an archive of PRATERSPROPANE.COM on November 9, 2017.

56.     Redirecting of traffic from the Prater's Domain Names caused actual consumer confusion for consumers searching for Prater's Propane.

57.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. has registered multiple domain names knowing that the domain names are identical to or confusingly similar to the trademarks of others.

58.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. continues to renew and maintain domain name registrations of the Prater's Domain Names.

B.     **Infringing Activities Related to La Ferry's LP Gas Co. Trademark**

59.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. registered LAFERRYPROPANE.COM, LAFERRYPROPANE.NET and LAFERRYPROPANE.INFO (the "La Ferry's Domain Names") on Feb. 22, 2016. Upon

10

information and belief,  Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. hired Domains By Proxy LLC to be listed as the contact on the domain name registrations. See Exhibit 17 with portions highlighted.

60.    Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. registered LAFERRYPROPANE.INFO in bad faith knowing that it contained the trademark of a direct competitor.

61.    Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. registered LAFERRYPROPANE.NET in bad faith knowing that it contained the trademark of a direct competitor.

62.    Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. registered LAFERRYPROPANE.COM in bad faith knowing that it contained the trademark of a direct competitor.

63.    Defendants Froman Oil Company Inc., and Froman Propane Co. are not known by La Ferry's and has never engaged in a bona fide business to sell propane as La Ferry's.

64.    Defendants Froman Oil Company Inc., and Froman Propane Co. do not have any intellectual property rights in LAFERRYPROPANE.COM, LAFERRYPROPANE.NET or LAFERRYPROPANE.INFO (the "La Ferry's Domain Names").

65.    Defendants Froman Oil Company Inc., and Froman Propane Co. did not have any use of LAFERRYPROPANE.COM, LAFERRYPROPANE.NET or LAFERRYPROPANE.INFO prior to La Ferry's L P Co. establishing trademark rights in La Ferry's.

66.    Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. directed the Internet traffic from the La Ferry's Domain Names to show the

same commercial content as was shown on the commercial site of Defendants Froman Oil Co. and Froman Propane Inc. See Exhibit 18 showing a cell phone accessing the Internet at LAFERRYPROPANE.COM.

67.     Defendants Froman Oil Company Inc., and Froman Propane Co. did not use LAFERRYPROPANE.COM, LAFERRYPROPANE.NET or LAFERRYPROPANE.INFO for any noncommercial purposes.

68.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. intended to improperly use the La Ferry's trademark by registering LAFERRYPROPANE.COM, LAFERRYPROPANE.NET or LAFERRYPROPANE.INFO domain names with intent for commercial gain.

69.     Defendants Froman Oil Company Inc., and Froman Propane Co. did not make any bona fide offering of goods or services using the La Ferry's Trademark in the La Ferry's Domain Names.

70.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. directed the Internet traffic from the La Ferry's Domain Names to the commercial site of Defendants Froman Oil Company Inc., and Froman Propane Co. at least between February 22, 2016 and November 9, 2017.

71.     Redirecting of traffic from the La Ferry's Domain Names caused actual consumer confusion for consumers searching for La Ferry's Propane.

72.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. has registered multiple domain names knowing that the domain names are identical to or confusingly similar to the trademarks of others.

Phoenix 150973.1

73.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. continues to renew and maintain domain name registrations of the La Ferry's Domain names.

### C.      Infringing Activities Related to Chelsea Butane Company Trademarks

74.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. registered MCPPROPANE.INFO, MCPPROPANE.NET and MAYESCOUNTYPROPANE.NET (the "MCP Domain Names") on Feb. 22, 2016. Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. hired Domains By Proxy LLC to be listed as the contact on the domain name registrations. See Exhibit 19 with portions highlighted.

75.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. registered MCPPROPANE.INFO in bad faith knowing that it contained the trademark of a direct competitor.

76.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. registered MCPPROPANE.NET in bad faith knowing that it contained the trademark of a direct competitor.

77.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. registered MAYESCOUNTYPROPANE.NET in bad faith knowing that it contained the trademark of a direct competitor.

78.     Defendants Froman Oil Company Inc., and Froman Propane Co. did not make any bona fide offering of goods or services using the MCP Propane Trademark and the Mayes County Propane Trademark in the MCP Domain Names.

Phoenix 150973.1

79.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. directed the Internet traffic from the MCP Domain Names to the commercial site of Defendants Froman Oil Company Inc., and Froman Propane Co. at least between February 22, 2016 to November 9, 2017. See Exhibit 20 showing a cell phone accessing the Internet to access MCPPROPANE.COM.

80.     Redirecting of traffic from the MCP Domain Names caused actual consumer confusion for consumers searching for MCP Propane and Mayes County Propane.

81.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co.  has registered multiple domain names knowing that the domain names are identical to or confusingly similar to the trademarks of others.

82.     Madelaina Froman as agent for Defendants Froman Oil Company Inc., and Froman Propane Co. continues to renew and maintain domain name registrations of the MCP Domain names.

83.     Defendants Froman Oil Co. and Froman Propane Inc. use the Mayes County Propane federally registered trademark on their website in a manner that is confusingly similar to the Mayes County Propane mark. See Exhibit 22 with relevant portions highlighted of the Defendants' website.

## COUNT I
## UNFAIR COMPETITION AGAINST PRATER'S PROPANE COMPANY
### (15 U.S.C. 1125(a))

84.     Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

85.     Plaintiff Prater's Propane Company's trademark for Prater's is entitled to protection under Section 43(a) of the Lanham Act.

86.     Defendants' use and promotion of a mark confusingly similar to Plaintiff Prater's Propane Company's trademark to identify Defendants' goods and services will likely cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Plaintiff Prater's Propane Company with Defendants, or as to the origin, sponsorship or approval by Plaintiff Prater's Propane Company of Defendants' goods and services.

87.     Defendants' use of the accused mark constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

88.     Defendants' use of the designations PRATERPROPANE.COM and PRATERSPROPANE.COM is without Plaintiff Prater's Propane Company's consent or permission.

89.     Plaintiff Prater's Propane Company has been damaged by Defendants' use of the accused mark and will suffer irreparable harm.

## COUNT II
## UNFAIR COMPETITION AGAINST LA FERRY'S L P GAS CO.
### (15 U.S.C. 1125(a))

90.     Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

91.     Plaintiff La Ferry's L P Gas Co.'s trademark for La Ferry's is entitled to protection under Section 43(a) of the Lanham Act.

92.     Defendants' use and promotion of a mark confusingly similar to Plaintiff La Ferry's L P Gas Co.'s trademark to identify Defendants' goods and services will likely cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Plaintiff

Phoenix 150973.1

La Ferry's L P Gas Co. with Defendants, or as to the origin, sponsorship or approval by Plaintiff La Ferry's L P Gas Co. of Defendants' goods and services.

93.     Defendants' use of the accused mark constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

94.     Defendants' use of the designations LAFERRYPROPANE.COM, LAFERRYPROPANE.INFO and LAFERRYPROPANE.NET is without Plaintiff La Ferry's L P Gas Co.'s consent or permission.

95.     Plaintiff La Ferry's L P Gas Co. has been damaged by Defendants' use of the accused mark and will suffer irreparable harm.

**COUNT III**
**UNFAIR COMPETITION AGAINST CHELSEA BUTANE COMPANY**
**(15 U.S.C. 1125(a))**

96.     Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

97.     Plaintiff Chelsea Butane Company's trademarks for Mayes County Propane and MCP Propane are entitled to protection under Section 43(a) of the Lanham Act.

98.     Defendants' use and promotion of marks confusingly similar to Plaintiff Chelsea Butane Company's trademarks to identify Defendants' goods and services will likely cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Plaintiff Chelsea Butane Company with Defendants, or as to the origin, sponsorship or approval by Plaintiff Chelsea Butane Company of Defendants' goods and services.

Phoenix 150973.1

99.     Defendants' use of the accused marks constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

100.     Defendants' use of the designations MCPPROPANE.INFO, MCPPROPANE.NET and MAYESCOUNTYPROPANE.NET is without Plaintiff Chelsea Butane Company's consent or permission.

101.     Plaintiff Chelsea Butane Company has been damaged by Defendants' use of the accused marks and will suffer irreparable harm.

## COUNT IV
## CYBERSQUATTING OF DOMAIN NAME PRATERPROPANE.COM
### (15 U.S.C. 1125(d))

102.     Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

103.     Upon information and belief, Defendants have acted in bad faith to profit from the registration and use of the Internet domain name PRATERPROPANE.COM by creating an association with Plaintiff Prater's Propane Company's trademark for Prater's as to source or sponsorship.

104.     Plaintiff Prater's Propane Company has been damaged by Defendants' unlawful use of the PRATERPROPANE.COM domain name and will suffer irreparable harm.

105.     Defendants' acts, as recited herein, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

Phoenix 150973.1

**COUNT V**
**CYBERSQUATTING OF DOMAIN NAME PRATERSPROPANE.COM**
**(15 U.S.C. 1125(d))**

106.     Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

107.     Upon information and belief, Defendants acted in bad faith to profit from the registration and use of the Internet domain name PRATERSPROPANE.COM by creating an association with Plaintiff Prater's Propane Company's trademark for Prater's as to source or sponsorship.

108.     Plaintiff Prater's Propane Company has been damaged by Defendants' unlawful use of the PRATERSPROPANE.COM domain name and will suffer irreparable harm.

109.     Defendants' acts, as recited herein, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

**COUNT VI**
**CYBERSQUATTING OF DOMAIN NAME LAFERRYPROPANE.COM**
**(15 U.S.C. 1125(d))**

110.     Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

111.     Upon information and belief, Defendants acted in bad faith to profit from the registration and use of the Internet domain name LAFERRYPROPANE.COM by creating an association with Plaintiff La Ferry's L P Gas Co.'s trademark for La Ferry's as to source or sponsorship.

112.     Plaintiff La Ferry's L P Gas Co. has been damaged by Defendants' unlawful use of the LAFERRYPROPANE.COM domain name and will suffer irreparable harm.

113.     Defendants' acts, as recited herein, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

## COUNT VII
## CYBERSQUATTING OF DOMAIN NAME LAFERRYPROPANE.INFO
### (15 U.S.C. 1125(d))

114.     Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

115.     Upon information and belief, Defendants acted in bad faith to profit from the registration and use of the Internet domain name LAFERRYPROPANE.INFO by creating an association with Plaintiff La Ferry's L P Gas Co.'s trademark for La Ferry's as to source or sponsorship.

116.     Plaintiff La Ferry's L P Gas Co. has been damaged by Defendants' unlawful use of the LAFERRYPROPANE.INFO domain name and will suffer irreparable harm.

117.     Defendants' acts, as recited herein, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

## COUNT VIII
## CYBERSQUATTING OF DOMAIN NAME LAFERRYPROPANE.NET
### (15 U.S.C. 1125(d))

118.     Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

119.     Upon information and belief, Defendants acted in bad faith to profit from the registration and use of the Internet domain name LAFERRYPROPANE.NET by creating an association with Plaintiff La Ferry's L P Gas Co.'s trademark for La Ferry's as to source or sponsorship.

120.    Plaintiff La Ferry's L P Gas Co. has been damaged by Defendants' unlawful use of the LAFERRYPROPANE.NET domain name and will suffer irreparable harm.

121.    Defendants' acts, as recited herein, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

### COUNT IX
### CYBERSQUATTING OF DOMAIN NAME MCPPROPANE.INFO
### (15 U.S.C. 1125(d))

122.    Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

123.    Upon information and belief, Defendants acted in bad faith to profit from the registration and use of the Internet domain name MCPPROPANE.INFO by creating an association with Plaintiff Chelsea Butane Company's trademark for MCP Propane as to source or sponsorship.

124.    Plaintiff Chelsea Butane Company has been damaged by Defendants' unlawful use of the MCPPROPANE.INFO domain name and will suffer irreparable harm.

125.    Defendants' acts, as recited herein, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

### COUNT X
### CYBERSQUATTING OF DOMAIN NAME MCPPROPANE.NET
### (15 U.S.C. 1125(d))

126.    Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

127.    Upon information and belief, Defendants acted in bad faith to profit from the registration and use of the Internet domain name MCPPROPANE.NET by creating an

Phoenix 150973.1

association with Plaintiff Chelsea Butane Company's trademark for MCP Propane as to source or sponsorship.

128.    Plaintiff Chelsea Butane Company has been damaged by Defendants' unlawful use of the MCPPROPANE.NET domain name and will suffer irreparable harm.

129.    Defendants' acts, as recited herein, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

### COUNT XI
### CYBERSQUATTING OF DOMAIN NAME MAYESCOUNTYPROPANE.NET
### (15 U.S.C. 1125(d))

130.    Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

131.    Upon information and belief, Defendants acted in bad faith to profit from the registration and use of the Internet domain name MAYESCOUNTYPROPANE.NET by creating an association with Plaintiff Chelsea Butane Company's trademark for Mayes County Propane as to source or sponsorship.

132.    Plaintiff Chelsea Butane Company has been damaged by Defendants' unlawful use of the MAYESCOUNTYPROPANE.NET domain name and will suffer irreparable harm.

133.    Defendants' acts, as recited herein, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

### COUNT XII
### COMMON LAW UNFAIR COMPETITION
### AGAINST PRATER'S PROPANE COMPANY

134.    Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

135.    This is a common law unfair competition claim for damages and injunctive relief.

Phoenix 150973.1

136.    Plaintiff Prater's Propane Company is the prior user of the trademark for Prater's.

137.    Plaintiff Prater's Propane Company's trademark is inherently distinctive, or has acquired secondary meaning.

138.    Defendants used a confusingly similar trademark to identify similar services marked by Defendants in competition with Plaintiff Prater's Propane Company in the same trade area where Plaintiff Prater's Propane Company has established good will.

139.    Defendants acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff Prater's Propane Company. Plaintiff Prater's Propane Company has no adequate remedy at law for this injury.

140.    On information and belief, Defendants acted with full knowledge of Plaintiff Prater's Propane Company's use of, and common law rights to, the Prater's trademark and without regard to the likelihood of confusion of the public created by Defendants' activities.

141.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Prater's trademark to the great and irreparable injury of Plaintiff Prater's Propane Company.

142.    As a result of Defendants' acts, Plaintiff Prater's Propane Company has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff Prater's Propane Company is entitled to injunctive relief, to an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar Mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff Prater's Propane Company additionally is entitled to punitive damages.

Phoenix 150973.1

## COUNT XIII
## <u>COMMON LAW UNFAIR COMPETITION AGAINST LA FERRY'S L P GAS CO.</u>

143.     Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

144.     This is a common law unfair competition claim for damages and injunctive relief.

145.     Plaintiff La Ferry's L P Gas Co. is the prior user of the trademark for La Ferry's.

146.     Plaintiff La Ferry's L P Gas Co.'s trademark is inherently distinctive or has acquired secondary meaning.

147.     Defendants have used a confusingly similar trademark to identify similar services marked by Defendants in competition with Plaintiff La Ferry's L P Gas Co. in the same trade area where Plaintiff La Ferry's L P Gas Co. has established good will.

148.     Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff La Ferry's L P Gas Co. Plaintiff La Ferry's L P Gas Co. has no adequate remedy at law for this injury.

149.     On information and belief, Defendants acted with full knowledge of Plaintiff La Ferry's L P Gas Co.'s use of, and common law rights to, the La Ferry's Mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

150.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the La Ferry's Mark to the great and irreparable injury of Plaintiff La Ferry's L P Gas Co.

151.     As a result of Defendants' acts, Plaintiff La Ferry's L P Gas Co. has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff La Ferry's L P Gas Co. is entitled to injunctive relief, to an accounting of Defendants' profits,

Phoenix 150973.1

damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar Mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff La Ferry's L P Gas Co. additionally is entitled to punitive damages.

**COUNT XIV**
**COMMON LAW UNFAIR COMPETITION AGAINST CHELSEA BUTANE COMPANY**

152.    Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

153.    This is a common law unfair competition claim for damages and injunctive relief.

154.    Plaintiff Chelsea Butane Company is the prior user of the trademarks for Mayes County Propane and MCP Propane.

155.    Plaintiff Chelsea Butane Company's trademark is inherently distinctive or has acquired secondary meaning.

156.    Defendants have used a confusingly similar trademark to identify similar services marked by Defendants in competition with Plaintiff Chelsea Butane Company in the same trade area where Plaintiff Chelsea Butane Company has established good will.

157.    Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff Chelsea Butane Company. Plaintiff Chelsea Butane Company has no adequate remedy at law for this injury.

158.    On information and belief, Defendants acted with full knowledge of Plaintiff Chelsea Butane Company's use of, and common law rights to, the Mayes County Propane and MCP Propane Marks and without regard to the likelihood of confusion of the public created by Defendant Entities' activities.

159.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Mayes County Propane and MCP Propane Marks to the great and irreparable injury of Plaintiff Chelsea Butane Company.

160.     As a result of Defendants' acts, Plaintiff Chelsea Butane Company has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff Chelsea Butane Company is entitled to injunctive relief, to an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar Mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff Chelsea Butane Company additionally is entitled to punitive damages.

## COUNT XV
## OKLAHOMA DECEPTIVE TRADE PRACTICES ACT
### (78 OK Stat §§ 78-51 through 78-54 (2014))

161.     Plaintiffs repeat and re-allege each and every allegation recited in the preceding paragraphs as though fully set forth herein.

162.     Defendants willfully engaged in deceptive trade practice in the course of business by knowingly making a false representation as to the source, sponsorship, approval, or certification of goods or services; or knowingly made a false representation as to affiliation, connection, association with, or certification by Plaintiffs in violation of Oklahoma Deceptive Trade Practices Act Title 78 Section 53.

163.     Plaintiffs are damaged or likely to be damaged by the deceptive trade practices of Defendants.

164.     Plaintiffs are entitled to an injunction against Defendants to enjoin use, ownership or sale of the infringing domain names under Section 54 of the Oklahoma Deceptive Trade

Practices Act. Plaintiffs are also entitled to reasonable attorney fees because the Defendants willfully engaged in deceptive trade practices.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray that the Court issue an Order:

A.      Granting a permanent injunction restraining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participating with them, from using, on or in connection with any product or service, or the manufacture, importation, exportation, sale, offer, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the designation Prater's or similar terms; (2) the designation La Ferry's or similar terms; (3) the designation Mayes County Propane or similar terms; (4) the designation MCP Propane or similar terms; (5) the Internet domain name PRATERPROPANE.COM; (6) the Internet domain name PRATERSPROPANE.COM; (7) the Internet domain name LAFERRYPROPANE.COM; (7) the Internet domain name LAFERRYPROPANE.INFO; (8) the Internet domain name LAFERRYPROPANE.NET; (9) the Internet domain name MCPPROPANE.INFO; (10) the Internet domain name MCPPROPANE.NET; (11) the Internet domain name MAYESCOUNTYPROPANE.NET; (12) any other designation that may create a false representation as to an affiliation, connection, or association with Plaintiffs or their products or services;

B.      Ordering the Domain Name Holder to relinquish all rights in the Internet domain names PRATERPROPANE.COM; PRATERSPROPANE.COM; LAFERRYPROPANE.COM; LAFERRYPROPANE.INFO;       LAFERRYPROPANE.NET;       MCPPROPANE.INFO; MCPPROPANE.NET; and MAYESCOUNTYPROPANE.NET; and directing Domains by

Proxy LLC or any other party in position to do so, to transfer the Internet domain name to Plaintiff;

C.      Directing Defendants to account to Plaintiff for all profits derived by them from the sale of products or services through the use of the infringing marks or the accused domain names;

D.      Awarding Plaintiffs a monetary judgement against Defendants for the maximum damages allowable pursuant to 15 U.S.C. §§ 1117 and 1125, including statutory damages pursuant to 15 U.S.C. § 1117(d) in the amount of $100,000 per infringing domain name;

E.      Awarding Plaintiffs attorney fees and costs;

F.      Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: September 10, 2018

Respectfully submitted,

/s/ Courtney D. Powell
George S. Freedman, OBA No. 15764
Courtney D. Powell, OBA No. 19444
Spencer Fane LLP
9400 North Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone:  (405) 844-9900
Facsimile:  (405) 844-9958
Email: gfreedman@spencerfane.com
       cpowell@spencerfane.com
**Attorneys for Plaintiffs**

27